**CV 12- 04486**

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 SEP -7  PM 2: 50

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ANA DAVIDE, )
)
Plaintiff, )
)
) **COMPLAINT AND DEMAND**
v. ) **FOR JURY TRIAL**
)
MIDLAND FUNDING, LLC, )
) **ROSS, J.**
Defendant. )
)
)
) **LEVY, M.J.**
)

## INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). A supplemental claim arises under New York General Business Law ("NYGBL") § 349 (deceptive acts and practices).

## JURISDICTION AND VENUE

2. Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law. Defendant has violated numerous provisions of the FDCPA.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this district is proper in that Defendant transacted business here and the conduct complained of occurred here.

6. Defendant regularly does business within this district, and has engaged in a persistent course of conduct within this district. Defendant also has derived substantial revenue from services rendered in this judicial district and state.

7. Defendant expected or reasonably should have expected the acts alleged in this complaint would have consequences in this judicial district and state. Defendant derives substantial revenue from interstate commerce.

8. Defendant caused the transactions and occurrences alleged in this complaint to take place in this judicial district and state.

## PARTIES

9. Plaintiff ANA DAVIDE ("Plaintiff") is a natural person who resided at all relevant times in New York County, New York.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

11. Defendant MIDLAND FUNDING, LLC ("Midland" or "Defendant") is a foreign limited liability company that is regularly engaged in the collection of debts in the state of New York.

12. Midland's principal place of business is located at 8875 Aero Drive, Suite 200 San Diego, California 92123.

13. The principal purpose of Midland is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and Midland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. The alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

16. Defendant sued Plaintiff for a defaulted consumer credit card debt originated by Citibank bearing account number 6035320184892451.

17. Exhibit 1 is the Summons and Complaint in the action <u>Midland Funding, LLC v. Ana Davide a/k/a Ana Aguirre</u>, Index # 027769/2012 brought in Queens County Civil Court ("The State Action").

18. The summons states that "the basis of venue is: Defendant's Residence." Below that the summons states, "Transaction took place in the county of Nassau."

19. The summons also states Plaintiff's address in Nassau County: 225 Dogwood Avenue, West Hempstead, NY 11552.

20. The summons is contradictory on its face.

21. Plaintiff did not reside in Queens County when The State Action was brought, but in fact resided in Nassau County.

22. Plaintiff did not enter into any debt transaction with Defendant, or its alleged predecessor-in-interest, in Queens County.

23. Defendant is strictly liable for lacking a legal basis under the FDCPA to sue Plaintiff in Queens County.

24. In preparing her defense to The State Action, Plaintiff discovered that Defendant Midland had already commenced a lawsuit against her in Nassau County on November 23, 2011. This action is captioned <u>Midland Funding, LLC Doing Business as Midland</u>

Funding of Delaware, LLC v. Ana Davide, Index # 41362/11 ("The Second State Action").

25. Upon information and belief, Plaintiff was not served by Defendant in The Second State Action. Upon information and belief, this action is still active and Defendant never properly discontinued the action.

26. Upon information and belief, the underlying debt – the subject matter of both state actions – involved the same Citibank debt.

27. Maintaining two actions, two separate public filings, for the same debt amounts to wrongful publication of false information about Plaintiff, which has caused injury to her reputation.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

28. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

29. The Defendant violated FDCPA §§ 1692d, 1692e, 1692e(2)(a) and (b), 1692e(3), 1692e(5), 1692e(9), 1692e(10), 1692e(11), 1692e(12) 1692e(13), 1692f, 1693f(1), 1692g and 1692i for the following acts and omissions:

   a) Bringing legal actions against Plaintiff in judicial districts other than where she resided or signed any debt agreement;

   b) Falsely representing the basis of venue in its summons;

   c) Falsely stating in its summons, "transaction took place in the county of Nassau."

   d) Placing confusing, conflicting, and false statements in its summons;

   e) Attempting to collect amounts not authorized by law;

   f) Maintaining two active state actions for the same debt;

4

    g) Misidentifying the creditor in one or both state actions;

    h) Misrepresenting the character, amount, and legal status of the debt;

    i) Suing Plaintiff in Queens while acknowledging in its *verified* complaint (¶2) that Plaintiff is a resident of Nassau;

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages as set forth in this complaint, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

### SECOND CLAIM FOR RELIEF
### (Violations of NYGBL § 349)

31. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

32. NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the State of New York.

33. The conduct complained of in this complaint occurred during, and in furtherance of, Defendant's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligations.

34. At all times material to this complaint, Defendant's deceptive acts and practices that gave rise to the claims herein occurred while Defendant conducted its business of collecting consumer debts.

35. Defendant's acts and practices have been directed entirely at consumers as reflected in its correspondences and advertisements. Defendant's acts and practices have a broad impact on the New York consuming public.

36. Defendant's collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

37. Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

38. The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

39. Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

40. As a result of Defendant's deceptive acts and practices, the Plaintiff has suffered actual damages as alleged in this complaint.

41. As a result of these violations of NYGBL § 349, Plaintiff is entitled to an injunction barring Defendant from engaging in deceptive acts and practices, including the collection of this discharged debt, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

**Plaintiff's Actual Damages**

42. Plaintiff suffered actual damages, which include emotional distress, loss of tranquility, hostility, anxiety, worry, fear, fright, shock, lost concentration, stress, and injury to reputation.

**WHEREFORE**, Plaintiff respectfully requests a trial by jury and also requests that judgment be entered against Defendant for the following:

    a.    On the FIRST CLAIM FOR RELIEF (FDCPA), statutory damages, actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

    b.    On the SECOND CLAIM FOR RELIEF (NYGBL § 349), injunctive relief, actual damages, three times the actual damages up to $1,000 costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and

    c.    For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: New York, NY
       September 4, 2012

_____
Jesse Langel, Esq. (JL-7079)
The Langel Firm
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

CONSUMER CREDIT TRANSACTION

IMPORTANT!! YOU ARE BEING SUED!!

THIS IS A COURT PAPER - A SUMMONS! DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!

| | |
|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK<br>COUNTY OF QUEENS<br><br>MIDLAND FUNDING LLC<br>　　　　　　　Plaintiff,<br>vs.<br>ANA DAVIDE A/K/A ANA AGUIRRE<br>　　　　　　　Defendant. | INDEX №.:<br>Date Purchased:<br><br>**027769-2012**<br><br>SUMMONS<br><br>**Plaintiff's Residence**<br>8875 Aero Drive, Suite 200<br>San Diego, CA 92123<br><br>**The basis of the venue is:**<br>Defendant's Residence<br>Transaction took place in the<br>county of Nassau |

To the above named defendant:
225 DOGWOOD AVE
WEST HEMPSTEAD, NY 11552

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Boulevard, Jamaica, NY 11435 in the County of Queens, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $2,116.79 with interest thereon from August 8, 2010, together with the cost of this action.

Dated: the 1st day of July, 2012
MIDLAND FUNDING LLC
☐ Scott Morris ☒ Amanda Perez ☐ Douglas Robinson ☐ Crystal Scott, In-House Counsel
100 Church Street, 8th Floor
New York, N.Y. 10007
(866) 626-5053

NOTE: The law provides that:

　(a)　If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or

　(b)　If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after proof of service is filed with the Clerk of the Court within which to appear and answer.



SCS1 - 26238

## VERIFIED COMPLAINT

Plaintiff, by its undersigned attorneys, complaining of the Defendant, respectfully alleges that:

1. Plaintiff is an active foreign entity conducting business in the state of **California.** **Plaintiff is a debt collector licensed by the NYC Department of Consumer Affairs, License #1312658.**

2. Upon information and belief, Defendant is a resident of the State of New York, County of Nassau.

3. Plaintiff, MIDLAND FUNDING LLC ("Midland Funding") owns portfolios of consumer receivables, which it attempts to collect. When working with individual consumers, Plaintiff, Midland Funding and its affiliates (collectively "Midland") generally attempt to contact consumers like Defendant through several means, all in an effort to establish contact and to resolve the underlying obligation. In doing so, Midland attempts to assess each consumer's willingness to pay, through phone calls, letters or other means. Midland attempts to exclude consumers from its collection efforts, where Midland believes those consumers are facing extenuating circumstances or hardships that would prevent them from making any payments.

4. When Midland contacts consumers, it strives to treat consumers with respect, compassion and integrity. Midland works with consumers in an effort to find mutually-beneficial solutions, often offering discounts, hardship plans, and payment options. Midland's efforts are aimed at working with consumers to repay their obligations and to attain financial recovery. Midland strives to engage in dialogue that is honorable and constructive, and to play a positive role in consumers' lives.

5. Despite Midland's efforts to reach consumers and resolve the consumer's obligations, only a percentage of consumers choose to engage with Midland. Those who do are often offered discounts or payment plans that are intended to suit their needs. Midland would prefer to work with consumers to establish voluntary payment arrangements resulting in the resolution of any underlying obligations. However, the majority of Midland's consumers ignore calls or letters, and some simply refuse to repay their obligations despite an apparent ability to do so. When this happens, Midland must decide then whether to pursue collection through legal channels, including litigation like the present action against Defendant. Although the Account is now in litigation, Plaintiff remains willing to explore a mutually-beneficial solution through voluntary payment arrangements, if possible.

### AS AND FOR A FIRST CAUSE OF ACTION

6. The Defendant hereto entered into a Credit Agreement with Plaintiff's predecessor in interest, CITIBANK (SOUTH DAKOTA), N.A., bearing account # 6035320184892451. Upon information and belief, Plaintiff's predecessor in interest duly performed all conditions on its part under the agreement.

7. On or about July 20, 2011 Plaintiff purchased a pool of charged-off accounts pursuant to Purchase and Sale Agreement and Bill of Sale. The Plaintiff thereafter took by assignment all the rights, title and interest to receive the monies on the account #6035320184892451 due pursuant to the said agreement and is the legal assignee of the original creditor.

8. Plaintiff issued demand upon Defendant, in writing, of said balance due and demanding payment. No payment has been forthcoming.

9. Defendant defaulted in payment and pursuant to the terms of the agreement now owe a balance of $2,116.79 as of August 8, 2010, no part of which has been paid despite due demand.

SCS1 - 26238

AS AND FOR A SECOND CAUSE OF ACTION

10. That heretofore, upon information and belief, Plaintiff's predecessor in interest rendered to Defendant monthly, full and truth accounts of the indebtedness owing by the Defendant as a result of the above Agreement, in an amount as hereinabove set forth, which account statements were delivered to and accepted without objection by the Defendant resulting in an account stated in the sum of $2,116.79 as of August 8, 2010, no part of which has been paid despite due demand.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $2,116.79 with interest from August 8, 2010 plus costs and disbursements.

☐ Scott Morris ☑ Amanda Perez
☐ Douglas Robinson ☐ Crystal Scott
In-House Counsel
MIDLAND FUNDING LLC
Department of Consumer Affairs License #1312658
100 Church Street, 8th Floor
New York, NY 10007
Telephone: (866) 626-5053
Facsimile: (646)845-7422

## ATTORNEY VERIFICATION

VERIFICATION: The undersigned, affirms under penalties of perjury, that he is an attorney for the Plaintiff, has read this complaint and knows its contents, and that the same is alleged upon information and belief and believes it to be true. Affirmant says that the grounds of his belief are documents and electronic data received from the Plaintiff's predecessor in interest and/or pre-suit investigation.

Affirmed this 1st day of July, 2012.

*[signature: Amanda Perez]*

☐ Scott Morris ☑ Amanda Perez
☐ Douglas Robinson ☐ Crystal Scott
In-House Counsel
MIDLAND FUNDING LLC
Department of Consumer Affairs License #1312658
100 Church Street, 8th Floor
New York, NY 10007
Telephone: (866) 626-5053
Facsimile: (646)845-7422